## Harrison *v.* Kennedy, Appellant.

*Patents—Novelty—Public knowledge—Defence to action for purchase money.*

In a suit for part of the purchase money of a patent, where the only evidence relied upon to show the invalidity of the patent and the consequent failure of consideration, is the prior rejected and abandoned applications of a third person for letters patent, a model made to illustrate the same, knowledge of these by the patentee, and expert testimony of the similarity of the invention patented to what is shown in the model and rejected applications, there is nothing to submit to the jury.

Argued April 4, 1892.   Appeal No. 209, Jan. T., 1892, by defendant, Charles W. Kennedy, from judgment of C. P. No. 4, Phila. Co., June T., 1891, No. 56, on verdict for plaintiff, Henry Harrison.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit for balance of contract price of interests in two United States letters patent.

On the trial, before THAYER, P. J., the evidence was to the following effect: Plaintiff was interested with others in applications for United States letters patent on a supposed invention by one Coleman who made a model to illustrate it. These applications were rejected and abandoned. Afterwards, plaintiff applied for and obtained two letters patent, interests in both of which he sold to defendant. One of plaintiff's patents was admitted to be valid; the validity of the other was sought to be impeached by evidence that the invention therein claimed was substantially shown in the model made by Coleman and in his applications. The model and copies of the Coleman applications were offered in evidence; and two experts were called by the defendant whose testimony was to the effect that the disputed invention of plaintiff, or material parts of it, was anticipated thereby.

The charge of the court below was as follows:

" The defence set up in this case is an alleged want of novelty in the Harrison invention and patent, which rendered it void and invalid. I feel it my duty to instruct you that the evidence given by the defendant is not sufficient to invalidate the Harrison patent on the ground of want of novelty. I give you that instruction because it is a matter of law, and, therefore, must be decided by the court.

" You will understand that the statutory definition of ' novelty ' differs from that of the popular signification of ' novelty.' The words of the act of congress are that patents may be granted for inventions which are new and useful. What a new invention is has often been the subject of determination by the courts, which have had that question before them, and it has been held in many cases, and is, I think, the undoubted law, that in order to defeat a patent upon the ground of want of novelty, it must be known to the public, or it must be in use by the public.

" The existence of the specifications which were contained in the abandoned application of Mr. Coleman for his patent, and the evidence which they contain of resemblance to the contrivance patented by Mr. Harrison, do not prove want of novelty. They only show that a somewhat similar invention,

an invention which the other side contends was substantially the identical invention of Mr. Harrison, existed before ; that it had been invented by Mr. Coleman. That is not a defence in law to a patent.

" The reason upon which the courts have put that interpretation of the statute is that a thing may be entirely new to the public which is perfectly well known to a few individuals, and the sense in which the act of congress uses the word 'new' is that it must be new to the public, and that a want of novelty, in order to be made out so as to invalidate a patent, must be such want of novelty as shows that the invention was known to the public. Hence, it has been determined in many cases that the existence of specifications and of models, which would be an infringement if they had been subsequent inventions to the patent which has been granted, would not prove a want of novelty within the meaning of the statute.

" I, therefore, feel bound to instruct you, as a matter of law, that the existence of these specifications and of the application of Mr. Coleman, in the patent office, and what are called the Coleman models, does not prove that want of novelty which is meant by the statute and which it is necessary to prove in order to invalidate the patent.

" [The sum of it all is that on the evidence produced by the defendant, there is nothing to show that the Harrison patent is not a perfectly valid patent, and if it is a valid patent, he is entitled to be paid what the defendant promised to pay for it, and it only remains for you to assess the damages which the plaintiff has suffered by the breach of contract, according to the evidence.] "

*Error assigned* was the portion of the charge in brackets, quoting it.

*Alex. Simpson, Jr.*, with him *Maxwell Stevenson*, for appellant.

We admit that the mere fact that a patented machine is similar in construction to one manufactured prior to the patent is not alone sufficient to invalidate the patent. If the invention is an original invention so far as the patentee is concerned, the prior manufacture must have been made public in some way, in order to invalidate the patent. But under the evidence, if

the question had been submitted to the jury, they might have found that the Harrison patent was void, because he was not the original inventor, but had taken the combination and ideas from Coleman's model and applications: Gayler v. Wilder, 10 How. 477; Curtis on Patents, 4th ed., § 86; Whitely v. Swayne, 7 Wall. 685; Sewall v. Jones, 91 U. S. 171; Brady v. Atlantic Works, 107 U. S. 192; United States v. American Bell Telephone Company, 128 U. S. 315; Holliday v. Rheem, 18 Pa. 469; Slemmer's Ap., 58 Pa. 155; Geiger v. Cook, 3 W. & S. 266.

*Frances E. Brewster*, with him *William C. Strawbridge*, for appellee.

PER CURIAM, April 18, 1892:

We find nothing in the charge of the learned judge below to indicate error.

Judgment affirmed.